IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| RICKEY CHARLES PERRY, JR., | § | |
| TDCJ #1209186, | § | |
|     Petitioner, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-06-2017 |
| | § | |
| NATHANIEL QUARTERMAN, Director, | § | |
| Texas Department of Criminal Justice - | § | |
| Correctional Institutions Division, | § | |
|     Respondent. | § | |

## ORDER

On July 27, 2006, this Court dismissed the federal habeas corpus petition filed by state inmate Rickey Charles Perry, Jr., as barred by the governing one-year statute of limitations, after he failed to timely respond to an order to show cause. Perry has now submitted a response, which the Court construes as a motion to alter or amend the judgment under Rule 59(e) of the Federal Rules of Civil Procedure. (Doc. #7). The petitioner's motion is **denied** for reasons that follow.

A motion to alter or amend judgment under Rule 59(e) "must 'clearly establish either a manifest error of law or fact or must present newly discovered evidence.'" *Ross v. Marshall*, 426 F.3d 745, 763 (5th Cir. 2005) (quoting *Simon v. United States*, 891 F.2d 1154, 1159 (5th Cir. 1990)). In this case, Perry does not dispute that the statute of limitations for federal habeas corpus review expired on December 14, 2004, and that his petition, dated June 6, 2006, is untimely. Instead, Perry argues that the final judgment is incorrect as a

matter of law because he is entitled to equitable tolling of the statute of limitations. As explained below, Perry falls well short of the showing required to merit equitable tolling.

The statute of limitations found in the federal habeas corpus statutes at 28 U.S.C. § 2244(d) may be equitably tolled at the district court's discretion where "exceptional circumstances" are present. *Coleman v. Johnson*, 184 F.3d 398, 402 (5th Cir. 1999), *cert. denied*, 529 U.S. 1057 (2000). Equitable tolling is an extraordinary remedy that is only sparingly applied. *See Irwin v. Department of Veterans Affairs*, 498 U.S. 89, 96 (1990). The Supreme Court has noted that a habeas corpus petitioner seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way. *See Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005). "A garden variety claim of excusable neglect does not support equitable tolling." *Coleman*, 184 F.3d at 402. In that respect, the doctrine of equitable tolling "applies principally where the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights." *Melancon v. Kaylo*, 259 F.3d 401, 407 (5th Cir. 2001) (quoting *Rashidi v. American President Lines*, 96 F.3d 124, 128 (5th Cir. 1996)).

The chronology of Perry's state court proceedings, which is set out in the Court's show cause order (Doc. #5), reflects substantial delay on the petitioner's part. As noted previously, Perry pled guilty and received a thirteen-year prison sentence on November 10, 2003. He did not file a direct appeal. Instead, he waited until August 3, 2005, to submit a

state application for a writ of habeas corpus, which the Texas Court of Criminal Appeals denied on March 29, 2006.

Perry alleges that equitable tolling is warranted for his delay in seeking habeas corpus relief because he lacked access to his state court records. Importantly, Perry does not provide any details showing what steps he took, following his guilty plea in 2003, to obtain a copy of his state court records; nor does he explain which documents were needed or what they would have shown.

A habeas corpus petitioner is not entitled to an extended delay, however, while he gathers evidence that might support his claim. *See Flanagan v. Johnson*, 154 F.3d 196, 199 (5th Cir. 1998). Thus, an inmate's slack of access to state court records does not typically present an "exceptional circumstance" that would warrant equitable tolling. *See Roughley v. Cockrell*, 2002 WL 1899622 (5th Cir. July 12, 2002) (No. 01-11378) (rejecting a claim for equitable tolling based on an inmate's unfulfilled request for state court records); *Cofer v. Johnson*, 2000 WL 1029201 (5th Cir. July 14, 2000) (No. 99-40878) (rejecting a claim for equitable tolling based on delay in receiving a copy of state court records); *Kiser v. Dretke*, 2004 WL 2331592 (N.D. Tex. 2004) ("Difficulty obtaining records and lack of money to pay for copies are common problems among inmates who are trying to pursue post-conviction habeas relief and, thus, do not present exceptional circumstances that warrant equitable tolling.").

Moreover, after the Texas Court of Criminal Appeals denied his state habeas corpus application on March 29, 2006, Perry waited until June 6, 2006, to file his federal petition. Perry offers no excuse for this delay in seeking federal habeas corpus relief.

Perry's argument that his delay should be excused for lack of state court records amounts to an argument that equitable tolling is justified by his status as a *pro se* prisoner. It is well settled in the Fifth Circuit that equitable tolling is not warranted merely because a petitioner proceeds *pro se* and is not well-versed in the law. "[I]gnorance of the law or of statutes of limitations is insufficient to warrant tolling." *Felder v. Johnson*, 204 F.3d 168, 172 (5th Cir.), *cert. denied*, 531 U.S. 1035 (2000). That petitioner proceeds without counsel likewise does not warrant tolling. *Id*. at 171. Neither unfamiliarity with the legal process nor "lack of representation during the applicable filing period merits equitable tolling." *Turner v. Johnson*, 177 F.3d 390, 392 (5th Cir. 1999). Although Perry proceeds *pro se*, his incarceration and ignorance of the law do not otherwise excuse his failure to file a timely petition and are not grounds for equitable tolling. *See Fisher v. Johnson,* 174 F.3d 710, 714 (5th Cir. 1999); *see also Cousin v. Lensing*, 310 F.3d 843, 849 (5th Cir. 2003) (noting that a petitioner's ignorance or mistake is insufficient to warrant equitable tolling); *Barrow v. New Orleans S.S. Ass'n*, 932 F.2d 473, 478 (5th Cir. 1991) (finding that "lack of knowledge of the filing deadlines," "lack of representation," "unfamiliarity with the legal process," illiteracy, and "ignorance of legal rights" generally do not justify tolling). Because Perry waited to seek state habeas corpus relief until after the limitations period expired, equitable tolling is not available. *See, e.g., Ott v. Johnson*, 192 F.3d 510, 514 (5th Cir. 1999), *cert. denied*, 529 U.S. 1099 (2000).

The Court is mindful of the effect a dismissal will have on the petitioner's ability to have his claims heard by a federal court.[1]  *See Felder*, 204 F.3d at 173.  The Fifth Circuit has emphasized, however, that the "strict one-year limitations period" imposed by Congress for the filing of all habeas corpus petitions is "subject only to the narrowest of exceptions." *Fierro v. Cockrell*, 294 F.3d 674, 684 (5th Cir. 2002), *cert. denied*, 538 U.S. 947 (2003). After considering all of the pleadings filed by Perry, the Court concludes that the petitioner's circumstances are not among those "rare and exceptional" conditions which warrant deviation from the express rules that Congress has provided.  *See Felder*, 204 F.3d at 173.

Perry has failed to show that he is entitled equitable tolling or that the final judgment was entered in error.  Accordingly, it is **ORDERED** that his motion to alter or amend under Rule 59(e) (Doc. #7) is **DENIED**.

The Clerk will provide copies of this order to the parties.

SIGNED at Houston, Texas, on **August 14, 2006.**

_____
Nancy F. Atlas
United States District Judge

---

[1] Perry's claims were raised and rejected, however, on state habeas corpus review by the same judge who presided over both of his trials.