IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| RICKEY CHARLES PERRY, JR., | § | |
| TDCJ #1209186, | § | |
|     Petitioner, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-06-2017 |
| | § | |
| NATHANIEL QUARTERMAN, Director, | § | |
| Texas Department of Criminal Justice - | § | |
| Correctional Institutions Division, | § | |
|     Respondent. | § | |

## ORDER

On July 27, 2006, this Court dismissed the federal habeas corpus petition filed by state inmate Rickey Charles Perry, Jr., as barred by the governing one-year statute of limitations. The Court subsequently denied two motions for reconsideration filed by Perry. Perry, who proceeds *pro se* and *in forma pauperis*, has filed a notice of appeal. For reasons set forth briefly below, this Court denies a certificate of appealability.

Because the habeas corpus petition filed in this case is governed by the Antiterrorism and Effective Death Penalty Act, codified as amended at 28 U.S.C. § 2253, a certificate of appealability is required before an appeal may proceed. *See Hallmark v. Johnson*, 118 F.3d 1073, 1076 (5th Cir.) (noting that actions filed under either 28 U.S.C. § 2254 or § 2255 require a certificate of appealability), *cert. denied sub nom. Monroe v. Johnson*, 522 U.S. 1003 (1997). "This is a jurisdictional prerequisite because the COA statute mandates that '[u]nless a circuit justice or judge issues a certificate of appealability, an appeal may not be

taken to the court of appeals . . . .'" *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (citing 28 U.S.C. § 2253(c)(1)).

A certificate of appealability will not issue unless the petitioner makes "a substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(c)(2), which requires a petitioner to demonstrate "that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Tennard v. Dretke*, 542 U.S. 274, 282 (2004) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)). Under the controlling standard, this requires a petitioner to show "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Miller-El*, 537 U.S. at 336. Where denial of relief is based on procedural grounds, the petitioner must show not only that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right," but also that they "would find it debatable whether the district court was correct in its procedural ruling." *Slack*, 529 U.S. at 484.

Perry has not requested a certificate of appealability. Nevertheless, a district court may deny a certificate of appealability, *sua sponte*, without requiring further briefing or argument. *See Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000). After considering all of the pleadings and previous orders entered in this case, the Court concludes that jurists of reason would not debate whether any procedural ruling in this case was correct or whether the petitioner stated a valid claim of the denial of a constitutional right.

3

Therefore, it is **ORDERED** that a certificate of appealability is **DENIED**.

The Clerk will provide copies of this order to the parties.

SIGNED at Houston, Texas, on **September 27, 2006.**

_____
Nancy F. Atlas
United States District Judge